UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EARL PRATHER, et al., | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) Case No. 4:05CV1829 RWS |
| PFIZER, INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF REMAND**

This case is before me on the notice of removal filed by defendants Pfizer and Warner-Lambert.[1] Defendants contend that I have diversity jurisdiction over this wrongful death action if I disregard the presence of two allegedly improperly- joined resident defendants. 28 U.S.C. § 1446 directs me to examine a notice of removal "promptly" and summarily remand any action "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted . . . ." 28 U.S.C. § 1446 (4). Because the resident defendants are properly joined in this action, I am summarily remanding this action to the Circuit Court for the County of St. Louis, Missouri.

Neurontin is an epilepsy drug manufactured by defendants Pfizer and Warner-

---

[1]This is the second time this case has come before me. The first case was dismissed without prejudice upon plaintiffs' motion.

Lambert. Plaintiffs' complaint alleges, among other things, that Pfizer and Warner-Lambert unlawfully marketed Neurontin for the treatment of depression despite knowing that it increased the risk of suicide in patients. Plaintiffs' complaint further alleges that their son committed suicide after his physician, Dr. Mallya, improperly prescribed him Neurontin for his depression while a patient at Southeast Missouri Community Treatment Center.

In their notice of removal, defendants claim that Mallya and the treatment center are misjoined as defendants in this action because plaintiffs' malpractice claims against them are unrelated to plaintiffs' fraud and warranty claims against Pfizer and Warner-Lambert. Defendants' contention lacks merit. Plaintiffs allege that: Pfizer and Warner-Lambert unlawfully marketed Neurontin for the treatment of depression; Mallya negligently prescribed the drug to treat the decedent's depression; and that as result of all of these actions, plaintiffs' son committed suicide. It is difficult for the Court to conceive of claims more "related" than plaintiffs' claims against these defendants. Mallya and the treatment center are not misjoined as defendants in this action.

Pfizer and Warner-Lambert also contend that Mallya and the treatment center are fraudulently joined as defendants because they cannot be held liable as a matter of law under the Missouri Deceptive Trade Practices Act. Even if true, these

defendants remain properly joined in this action because plaintiffs also state claims against them for medical malpractice.  As such, they cannot be said to be fraudulently joined for purposes of defeating diversity jurisdiction, and their presence cannot be disregarded to establish subject matter jurisdiction.  The presence of non-diverse resident defendants in this case defeats diversity jurisdiction.  As a result, this case will be summarily remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that **this case is summarily remanded to the Circuit Court for the County of St. Louis, Missouri pursuant to 28 U.S.C. § 1447(d).**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of October, 2005.